IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WANDERLEY EMMANUEL          :          No. 3:26cv680
AMAYA ALVARADO,             :
               Petitioner          :          (Judge Munley)
                                      :
                                      :
                                      :
        v.          :
                                        :
J. SAGE, Warden, FCI Lewisburg,     :
et al.,          :
               Respondents          :

······································································································

**MEMORANDUM ORDER**

     Before the court is Petitioner Wanderley Emmanuel Amaya Alvarado's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Doc. 1), along with the government's response, (Doc. 6), the petitioner's traverse, (Doc. 10), and the court-authorized supplemental response from the government, (Doc. 13). Amaya Alvarado argues that his prolonged detention without a bond hearing pursuant to 8 U.S.C. § 1226(c) violates his due process rights. (Doc. 10). He asks the court to compel his outright release. In the alternative, he requests a prompt bond hearing before an immigration judge. For the reasons set forth below, the petition will be granted in part, and a bond hearing will be ordered.[1]

---

[1] The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2241(c)(3).

Amaya Alvarado is a citizen and native of Honduras. (Doc. 13-2, I-213 Form).  In June 2017, United States Border Patrol encountered the petitioner in the Rio Grande Valley of Texas. Id.  The Department of Homeland Security served Amaya Alvarado with a Notice to Appear, charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). Id.  The government released him into the interior of the United States. Id.  Thereafter, it appears that Amaya Alvarado resided in the Baltimore, Maryland area for many years.  He is the father of a United States citizen.

The petitioner is also accused of violent crimes.  In this matter, the government provided the petitioner's A-file as ordered. (Doc. 8, sealed). Petitioner's A-file indicates that he has been charged with assault in the first and second degree in the State of Maryland, relative to alleged strangulation during a domestic violence incident in July 2025. Id. at ECF pp. 128–131.  An arrest warrant was issued in that case. Id.  It appears that those charges remain pending against the petitioner. (See Doc. 10, Traverse).

On August 30, 2025, Immigration and Customs Enforcement ("ICE") officers were alerted by state-level police officers at Cordorus State Park in Hanover, Pennsylvania after state officers encountered the petitioner.  ICE officers took custody of the petitioner, and the agency is now detaining him at Federal Correctional Institution, Lewisburg.

2

Amaya Alvardo's removal proceedings are ongoing.  An IJ continued petitioner's removal hearing several times due to the petitioner's efforts to secure counsel.  Ultimately, on December 8, 2025, a hearing occurred with the petitioner represented by counsel.  An IJ ordered the petitioner removed to Honduras. (Doc. 13-4).

Amaya Alvarado appealed the IJ order to the Board of Immigration Appeals.  A decision from the BIA is pending.  Amaya Alvarado's removal order is not yet final.

Following receipt of the government's supplemental memorandum, both parties now agree that 8 U.S.C. § 1226(c) applies to Amaya Alvarado's detention.  Section 1226(c) is a mandatory detention statute.  8 U.S.C. § 1226(c)(1).  As discussed in a prior order, (Doc. 12), it applies to noncitizens charged with acts which constitute the essential elements of "any crime that results in…serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(ii).  For the purposes of Section 1226(c), "serious bodily injury" is given the meaning of the terms in the jurisdiction in which the acts occurred.  8 U.S.C. § 1226(c)(2).  The Maryland definitions of "serious physical injury" and "strangling," as interpreted by their state courts, fit within the definitional limits of Section 1226(c)

under the facts alleged by the state authorities.[2]  In short, Amaya Alvarado's pending charges place him within the text of the Laken Riley Act.

Section 1226(c) does not limit the length of the detention it authorizes, Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), but "a petitioner may still bring an as-applied constitutional challenge alleging that his continued detention has become unconstitutional under the Due Process Clause of the Fifth Amendment." Ibrahim v. Superintendent of Miami Corr. Facility, No. 1:25-CV-00727, 2026 WL 116489, at *4 (M.D. Pa. Jan. 15, 2026) (Wilson, J) (citing German Santos v. Warden Pike Cty. Corr. Facility, 965 F.3d 203, 208–09 (3d Cir. 2020)).  In such

---

[2] The State of Maryland accuses Amaya Alvarado of committing first-degree assault.  The applicable criminal statute provides that: "[a] person may not intentionally cause or attempt to cause serious physical injury to another." MD. CODE, CRIM. LAW § 3-202(b)(1).  "Serious physical injury" means physical injury that creates a substantial risk of death or causes permanent or protracted serious disfigurement, loss of the function of any bodily member or organ, or impairment of the function of any bodily member or organ. MD. CODE, CRIM. LAW § 3-201(d).  Furthermore, under the first-degree assault statute, "[a] person may not commit an assault by intentionally strangling another." MD. CODE, CRIM. LAW § 3-202(b)(3).  "Strangling" means "impeding the normal breathing or blood circulation of another person by applying pressure to the other person's throat or neck" for the purposes of the first-degree assault statute. MD. CODE, CRIM. LAW § 3-202(a).  Under Maryland law, strangling is an "additional modality" for first-degree assault. Williams v. State, 254 A.3d 556, 567 n.8 (Md. App. 2021), aff'd, 272 A.3d 347 (Md. 2022).  Strangling or choking a victim may also sustain a conviction under a separate section of the statute for causing or attempting to cause "serious physical injury." Al-Atiyyat v. State, No. 338, Sept. Term, 2024, 2026 WL 835921, at *15 (Md. Ct. Spec. App. Mar. 26, 2026) (discussing MD. CODE, CRIM. LAW § 3-202(b)(1)).  Amaya Alvarado's charges in Maryland are supported by an application from a police officer that the victim was grabbed by the throat, forced to the ground, and choked to the extent that she became unable to talk and began to lose consciousness.  Such allegations satisfy the requirements of 8 U.S.C. § 1226(c)(1)(E)(ii).  On a similar note, even if Amaya Alvarado is eventually found innocent of such charges or the charges are withdrawn, the mandatory detention component of 8 U.S.C. § 1226(c) would still apply to him. See Lopez Cruz v. Jamison, No. CV 26-2278-KSM, 2026 WL 1257329, at *4 (E.D. Pa. May 7, 2026)

4

as-applied challenges, "when detention becomes unreasonable, the Due Process Clause demands a hearing." German Santos, 965 F.3d at 210 (quoting Diop v. ICE/Homeland Sec., 656 F.3d 221, 233 (3d Cir. 2011), abrogated in part on other grounds by Jennings, 583 U.S. 281 (2018)).

Reasonableness is "a 'highly fact-specific' inquiry." Id. (quoting Chavez-Alvarez v. Warden York Cty. Prison, 783 F.3d 469, 474 (3d Cir. 2015)). In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. Id. at 211 (citations omitted).

***Duration of Detention*** – Duration of detention is the most important factor. Id. Under the case law, "[t]here is no presumption of reasonableness or unreasonableness of any duration." Id. (citing Chavez-Alvarez, 783 F.3d at 474 n.7; Diop, 656 F.3d at 234). The longer noncitizens are detained under Section 1226(c) without bond hearings, however, "the more likely their detention abridges the liberty secured by the Due Process Clause." Michelin v. Warden Moshannon Valley Corr. Ctr., 169 F.4th 418, 433 (3d Cir. 2026) (citations omitted). In Michelin, the Third Circuit reiterated clearly: detention becomes more and more

suspect after five months for Section 1226(c) detainees. Id. (citing German Santos, 965 F.3d at 211–12).

As it stands, Amaya Alvarado has been detained by ICE for approximately nine months without a bond hearing. That is less than the periods typically found unreasonable in this district for Section 1226(c) detainees. Yirenkyi v. Hoover, No. 3:25CV2414, 2026 WL 268230, at *4, and Appx. (M.D. Pa. Feb. 2, 2026) (collecting cases). Amaya Alvarado's ongoing detention without a bond hearing is nearing a season in time when constitutional concerns begin to accrue. However, the duration factor is not long enough to weigh in favor of relief.

With that said, there are no bright lines in the reasonableness analysis. See Chavez-Alvarez, 783 F.3d at 474, n.7. The Fifth Amendment requires a more granular look at the other facts of this case.

***Likelihood of Continued Detention*** – The second German Santos factor favors the petitioner. Amaya Alvarado's detention will continue well into the future. His removal order, issued December 8, 2025, is not final. (Doc. 13-4, Resp. Ex. 3, IJ Diaz Order). His appeal with the BIA has been pending for approximately four months. Assuming the BIA affirms, Amaya Alvarado may file a petition for review with the appropriate Circuit Court of Appeals. Consequently, the court cannot reasonably determine how long Amaya Alvarado's appeal will be pending or forecast whether it will be remanded at any stage of this process.

6

There will be a delay of undefined duration—at least many more months. "When the alien's removal proceedings are unlikely to end soon, this suggests that continued detention without a bond hearing is unreasonable." German Santos, 965 F.3d at 211. Therefore, this factor weighs in favor of relief.

*Reasons for the Delay* - The third factor considers the reasons for the delay, "such as a detainee's request for continuances." Id. (citing Diop, 656 F.3d at 234; Demore v. Kim, 538 U.S. 510, 531 (2003). The court also asks "whether either party made careless or bad-faith 'errors in the proceedings that cause[d] unnecessary delay.' " Id. (quoting Diop, 656 F.3d at 234). The record reflects that petitioner's removal hearing was delayed at the IJ level for three months as he endeavored to secure counsel. (Doc. 8 at 10–75). However, continuances to secure counsel should not be held against the petitioner in this context; he appears to be an individual with limited financial means. (Doc. 2). This factor is neutral. See id. at 212.

*Conditions of Confinement* – The fourth factor requires a determination of whether "the alien's conditions of confinement are meaningfully different from criminal punishment." Id. at 211 (cleaned up). Under the law, "if an alien's civil detention ... looks penal, that **tilts the scales** toward finding the detention unreasonable." Id. (citing Chavez-Alvarez, 783 F.3d at 478) (emphasis added)).

FCI-Lewisburg is a medium-security federal prison. A federal prison is a federal prison. Furthermore, portions of Amaya Alvarado's petition and traverse concern the conditions faced by ICE detainees at FCI-Lewisburg. (Doc. 1 at 3–4; Doc. 10 at 4–5). He alleges that he is afforded recreational time once per week and is limited in his opportunities to speak to his family. (Doc. 10, Traverse at 1). He also asserts that he is more restricted in his movements than those serving federal criminal sentences. Id. at 4–5. Therefore, petitioner's civil immigration detention is indistinguishable from criminal punishment.

Additionally, the "conditions of confinement" factor and "length of detention" factors are interdependent parts of the German Santos reasonableness test. See 965 F.3d at 211 (citing Chavez-Alvarez, 783 F.3d at 478) ("And as the length of detention grows, so does the weight that" courts must give to the conditions of confinement factor). Put another way, with the interdependence of factors, the more conditions look like a jail sentence as confinement continues, the more the court must worry about due process. Id. at 212–13. The conditions of confinement factor weighs in favor of granting Amaya Alvarado relief.

On the balance of the German Santos factors, petitioner has only been detained for nine months; yet, such detention will continue for many more months

in a federal correctional institution.  The factors weigh in favor of granting relief.

The petition for writ of habeas corpus will be granted in part.[3]

*__Form of Relief__* – The granting of the petition does not entitle Amaya

Alvarado to outright release from detention as requested.  Rather, because of the

violation of his due process rights, the petitioner is entitled to a timely bond

hearing before a neutral IJ.  At that hearing, the government will bear the burden

of justifying petitioner's continued detention by clear and convincing evidence

that "must be individualized and support a finding that continued detention is

needed to prevent him from fleeing or harming the community." Id. at 213–14.

The court will also order that a bond hearing occur in the next two weeks.

Therefore, for the reasons set forth above, it is hereby **ORDERED** that:

1) Wanderley Emmanuel Amaya Alvarado's petition for writ of habeas corpus,

    (Doc. 1), is **GRANTED** in part;

2) Respondents shall, within 14 days of the date of this order, provide Amaya

    Alvarado with an individualized bond hearing before an IJ in accordance

    with the analysis in the memorandum order;

---

[3] Based on the relief afforded, the court need not reach Amaya Alvarado's other theories of recovery, including constitutional torts or recovery under the Federal Tort Claims Act.  Such theories would be subject to dismissal for failure to state a claim.  Amaya Alvarado's other theories of recovery are encompassed by the court's consideration of his Fifth Amendment due process rights.

3) At that hearing, the government will bear the burden of establishing, by clear and convincing evidence, that Amaya Alvarado's continued detention is necessary because he presents a flight risk or danger to the community if released;

4) On or before **June 15, 2026**, respondents shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Amaya Alvarado has received a bond hearing; and

5) The Clerk of Court is directed to **CLOSE** this case.

Date: 5/28/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

10